IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| PRECISION GEARS, INC. | ) |
| | ) |
| v. | ) Case No. 3:22-mc-00005 |
| | ) |
| SAFARI ENTERPRISES, LLC | ) |

**TO:** The Honorable William L. Campbell, Jr., United States District Judge

## REPORT AND RECOMMENDATION

The motion filed by Petitioner Precision Gears, Inc. ("Precision Gears") (Docket No. 1) in this miscellaneous proceeding to enforce judgment and any further supplemental proceedings were referred to the undersigned for disposition by order of the District Judge. (Docket No. 4.) By order entered on June 8, 2022, the Court directed Respondent Safari Enterprises, LLC to respond to Precision Gears' motion and cautioned that failure to comply would result in any of the remedies authorized by Fed. R. Civ. P. 16(f), including the specific relief requested by Precision Gears. (Docket No. 5.)

Safari Enterprises failed to file a timely response as instructed. For the reasons discussed in more detail, the undersigned respectfully recommends that Precision Gears' motion to enforce judgment (Docket No. 1) be granted and the requested writ of execution of judgment be issued.[1]

---

[1] Although the Court was unable to find definitive Sixth Circuit authority that a motion to enforce a foreign judgment is a dispositive motion, because 28 U.S.C. § 636(b)(1)(A) generally permits referral of only pretrial matters for resolution by a magistrate judge, the undersigned submits this report and recommendation. Nevertheless, should the District Judge determine that the motion to enforce judgment requests relief that can be granted by a magistrate judge, this report and recommendation may be treated as an order directing that relief, subject to review as "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993).

## Background[2]

This miscellaneous proceeding was commenced on May 26, 2022 by Precision Gears' filing of a motion to enforce judgment (Docket No. 1), by which Precision Gears seeks to enforce a default judgment obtained in the United States District Court for the Northern District of Florida against Safari Helicopter, Inc. (Docket No. 2 at 2-5 and Exhibit 2, Docket No. 1-1 at 14-24.)[3] In that proceeding, Plaintiff James Walker filed a lawsuit against Precision Gears on June 30, 2020 for injuries that occurred in July of 2018 while he was operating a Safari 400 kit helicopter purchased in December 2016 with a tail rotor pinion allegedly manufactured by Precision Gears. (Exhibit 1, Docket No. 1-1 at 2-12.)

Precision Gears, which is a Delaware corporation with a principal place of business in Wisconsin (*id*. at 3), filed a third-party complaint against Safari Helicopter and CHR International, in which Precision Gears alleged that a defective tail rotor pinion shaft was designed, distributed, and/or sold by Safari Helicopter and CHR International, and that Safari Helicopter knew or should have known about the alleged defect. (Exhibit 2, Docket No. 1-1 at 13-22.) Safari Helicopter and CHR International failed to appear or otherwise respond to the third-party complaint and the court entered a default judgment in favor of Precision Gears against Safari Helicopter and CHR International jointly and severally in the amount of $823,478.43 plus post-judgment interest at the statutory rate. (Exhibit 3 and Exhibit 4, Docket No. 1-1 at 23-24 and 25-26.) A judgment lien

---

[2] Only those underlying facts and proceedings necessary to explain or give context to this report and recommendation are recited here. Unless otherwise noted, the recited facts are taken from the record and are generally undisputed.

[3] In referring to the record, the Court notes that Precision Gears failed to comply with the Court's requirements for electronic filing of exhibits, which require that exhibits be filed separately with a brief description. This enables anyone searching the docket, including the Court, to easily find documents. Because Precision Gears did not follow the required filing procedures, the Court spent an inordinate amount of time locating relevant portions of the record.

was filed by Precision Gears with the Florida Secretary of State on April 14, 2022. (Exhibit 5, Docket No. 1-1 at 27-28.)

Safari Helicopter, Inc. was formed as a Florida corporation (Exhibit 6, Docket No. 1-1 at 29-30.) Bobby J. Baker was the president of Safari Helicopter. (*Id*. at 30.) Safari Helicopter was engaged in the manufacture and sale of personal custom helicopters. (Exhibit 8, Docket No. 1-1 at 31-39.) CHR International was a former manufacturer and sales point for Safari Helicopter. (*Id*. at 40-43.) Letitia Delane Baker and Bobby J. Baker purchased the rights to the Safari helicopter design in 2009. (*Id*. at 42.)

Safari Enterprises was relocated from Florida to Hendersonville, Tennessee. (Exhibit 7, Docket No. 1-1 at 32.) Safari Enterprises is a member managed Tennessee LLC, formed on August 10, 2016. (*Id*. at 33 and Exhibit 10, Docket No. 1-1 at 45.) The managing members of Safari Enterprises include Letitia Delane Baker as President and Bobby J. Baker as Secretary. (*Id*.) Safari Enterprises' current registered agent is Letitia Delane Baker. (Exhibit 10, Docket No. 1-1 at 45.) On September 6, 2019, Safari Enterprises changed its assumed name to Safari Helicopter, which was an active assumed name until September 6, 2024. (*Id*. at 46.) Safari Enterprises still uses the name Safari Helicopter for its website marketing and sales at www.safarihelicopter.com and facebook.com/SafariHelicopter. (Exhibits 8 and 10, Docket No. 1-1 at 40-43 and 47-64.) Safari Enterprises also maintains Florida telephone numbers according to its "about" section in Facebook and on its "contact us" section in its website. (*Id*.)

Safari Helicopter still manufactures the Safari 400 helicopter and continues to manufacture parts in Florida. (Exhibits 8 and 10, Docket No. 1-1 at 40-43 and 47-64.) Safari Helicopter's Facebook post from April 26, 2022 discusses at length the Safari Helicopter relocation to

3

Tennessee, and the buyout of a former business partner by the principals, Letitia and Bobby Baker, to continue the Safari helicopter business. (Exhibit 10, Docket No.1-1 at 51-64.)

In response to a subpoena from Precision Gears, Safari Enterprises admitted that it purchased pinion gears from Precision Gears for several years prior to Walker's accident and, specifically, in November 2016 and January 2017. (Exhibit 7, Docket No. 1-1 at 33.) Safari Enterprises also acknowledged that Walker's transmission was completed on January 20, 2017, and produced copies of the purchase orders, noting that the copies were reprints from their original accounting system, which updated the templates used to show the current address rather than the previous Florida address and that all other information continued in the purchase orders was accurate. (Exhibit 7, Docket No. 1-1 at 32-38.)

Precision Gears filed the instant motion to enforce judgment, asserting that, because Safari Enterprises is a mere continuation of Safari Helicopter, Precision Gears' judgment against Safari Helicopter can be enforced against Safari Enterprises as the successor in interest to Safari Helicopter. (Docket No. 1.) By order entered on June 8, 2022, the Court directed Safari Enterprises to file a response to the motion by no later than June 30, 2022. (Docket No. 5.) Safari Enterprises was cautioned that its failure to respond could result in any of the remedies authorized by Fed. R. Civ. P. 16(f), including that the relief requested by Precision Gears could be granted. (*Id*. at 1.) Safari Enterprises failed to respond as instructed.[4]

---

[4] Safari Enterprises will have an additional opportunity to respond, if it so chooses, by objecting to this report and recommendation.

**Legal Standards and Analysis**

Under Rule 16(f) of the Federal Rules of Civil Procedure, Safari Enterprises' failure to respond to Precision Gears' arguments in its motion to enforce judgment, despite the Court's clear instruction, permits the Court to treat the factual bases of and the arguments made in the motion as conceded. *See* Fed. R. Civ. P. 16(f)(1)(C).[5] The same is true under case law. *See Humphrey v. United States Att'y Gen.'s Office*, 279 F.App'x 328, 331 (6th Cir. 2008) (stating that where plaintiff failed to respond to argument, any opposition was waived). For this reason alone, Precision Gear's motion is properly granted and issuance of a writ of execution of judgment warranted. Nevertheless, the Court will also address the merits of Precision Gears' arguments.

As a general rule, a corporation that purchases the assets of another corporation does not automatically become liable for the selling company's obligations. *Mapco Exp., Inc. v. Interstate Entertainment, Inc.*, No. 3:08-CV-1235, 2011 WL 12556959, at *14 (M.D. Tenn. Aug. 11, 2011) (citing *Johnson v. Tanner-Peck, LLC*, No. W2009-02454-COA-R3-CV, 2011 WL 1330777, at *13 (Tenn. Ct. App. Apr. 08, 2011)).[6] Tennessee recognizes four exceptions to this rule: (1) where the purchaser expressly or implicitly agrees to assume the seller's liabilities; (2) where the transaction amounts to a consolidation or merger of the two corporations; (3) where the purchaser is a mere continuation of the seller; and (4) where the transaction is entered into fraudulently, in order to escape liability for the obligations of the seller. *Id. See also Layne Christensen Co. v. City of Franklin, Tennessee*, 449 F. Supp. 3d 748, 756 (M.D. Tenn. 2020), *reconsideration*

---

[5] Safari Enterprises was also warned of this outcome. *See* Docket No. 5 ("Safari Enterprises is also cautioned that failure to comply with this order, including to timely file a response and retain counsel, may result in any of the remedies authorized by Fed. R. Civ. P. 16(f), including that the relief requested by Precision Gears is granted.")

[6] The Court presumes that Tennessee law applies because Precision Gears seeks to enforce its judgment here and relies on Tennessee law in doing so. *See* Docket No. 2 at 5.

*denied*, No. 3:17-CV-01236, 2020 WL 6784456 (M.D. Tenn. Nov. 18, 2020). Precision Gears argues that Safari Enterprises is responsible for the judgment debt of Safari Helicopter under any of the first three exceptions.

**Assumption of liabilities**

Precision Gears argues that Safari Enterprises agreed to assume the liabilities of Safari Helicopter, and admitted as much in its responses to Precision Gears' subpoena. (Exhibit 7, Docket No. 1-1 at 31-39.) The Court finds that Safari Enterprises' statements in subpoenaed responses acknowledging that "[p]inions were purchased exclusively from Precision Gears for several years prior to Mr. Walker's accident" and that "Safari Enterprises LLC made payment for 2 purchases, one in November, 2016 and one in January, 2017," which was during the time that work was ongoing on Walker's transmission,[7] implicitly, if not expressly, evidence Safari Enterprises' assumption of the liabilities of Safari Helicopter.

**De Facto Merger**

The Sixth Circuit has described the hallmarks of a de facto merger as

(1) continuation of the enterprise of the seller corporation, so that there is a continuity of management, personnel, physical location, assets, and general business operations; (2) continuity of shareholders which results from the purchasing corporation paying for the acquired assets with shares of its own stock, this stock ultimately coming to be held by the shareholders of the seller corporation so that they become a constituent part of the purchasing corporation; (3) the seller corporation ceases its ordinary business operations, liquidates, and dissolves as soon as legally and practically possible; and (4) the purchasing corporation assumes those liabilities and obligations of the seller ordinarily necessary for the uninterrupted continuation of normal business operations of the seller corporation."

---

[7] Safari Enterprises further states "Mr. Walker's transmission was completed on January 20, 2017." (Exhibit 7, Docket No. 1-1 at 33.)

*Wright*, 77 F. App'x 356, 369 (6th Cir. 2003) (citing *Bud Antle, Inc. v. Eastern Foods, Inc.*, 758 F.2d 1451, 1457-58 (11th Cir. 1985)).

Here, Precision Gears has presented undisputed evidence that there is a continuity of management, personnel, assets, and general business operations from Safari Helicopter to Safari Enterprises. Additionally, Safari Enterprises stated in December 2021 in response to the subpoena served by Precision Gears that it had moved its business enterprises to Tennessee from Florida. Safari Enterprises maintains the same accounting records previously used by Safari Helicopter, provides the same services, and advertises using the same information as well as a Florida phone number and with Safari Helicopter operations still continuing in Florida. The management and officers of Safari Enterprises effectively, if not expressly, admitted there has only been a change in location and entity structure: Safari Enterprises holds itself out to the public as continuing the uninterrupted normal business operations of Safari Helicopter and even uses Safari Helicopter as Safari Enterprises' assumed name. All this evidence establishes that the transfer of assets from Safari Helicopter, Inc. to Safari Enterprises, LLC constitutes a de facto merger and Safari Enterprises is the successor in interest to Safari Helicopter, Inc.

### **Mere continuation**

An acquiring corporation will be deemed a mere continuation of the previous corporation and, therefore, liable for the previous corporation's obligations if: (1) a corporation transfers its assets; (2) the acquiring corporation pays less than adequate consideration for the assets; (3) the acquiring corporation continues the previous corporations business; (4) both corporations share at least one common officer who was instrumental in the transfer; and (5) the previous corporation is left incapable of paying its creditors. *Layne Christensen Co.*, 449 F. Supp. 3d at 758 (internal citations omitted).

7

The Court finds that, here, Safari Enterprises, LLC is a mere continuation of Safari Helicopter, Inc. First, the assets of the Safari Helicopter were transferred to and assumed by Safari Enterprises. In response to a subpoena by Precision Gears, Safari Enterprises provided no evidence that Safari Enterprises paid adequate (or any) consideration to Safari Helicopter for the transfer of its assets or use of its name. By Safari Enterprises' own admission, it is a continuation of the Florida business, Safari Helicopter, and continues to market and manufacture custom personal helicopters as Safari Helicopter, including in Florida. Both companies similarly share at least one common officer, Bobby J. Baker, who was instrumental in the transfer of Safari Helicopter's assets and operations to Safari Enterprises as an officer and owner of both entities.

Precision Gears asserts that Safari Helicopters was voluntarily dissolved in April 2017. However, Exhibit 6 upon which Precision Gears relies as demonstrating the dissolution does not appear to include that specific information.[8] Nevertheless, the Court afforded Safari Enterprises an opportunity to respond to Precision Gears' motion to enforce judgment and to offer any contrary evidence, which Safari Enterprises failed to do. Accordingly, the Court finds that Safari Enterprises waived any opposition, *see Humphrey*, 279 F.App'x at 331, and Precision Gears' argument about the final factor for mere continuation is established.

For all these reasons, the Court finds and concludes that Safari Enterprises, LLC is a successor in interest to Safari Helicopter, Inc. and against which the judgment in favor of Precision Gears against Safari Helicopter, Inc. may be enforced.

---

[8] Specifically, the one page of Exhibit 6 with content (Docket No. 1-1 at 30) does not appear to contain information about Safari Helicopter, Inc.'s dissolution. As noted above, Precision Gears simply appended a single exhibit and does not in its memorandum of law recite to a specific page or other pinpoint from which the Court can more readily discern the information.

8

# RECOMMENDATION

Based on the foregoing, it is respectfully RECOMMENDED that (i) Safari Enterprises, LLC be declared the successor in interest to Safari Helicopter, Inc.; (ii) the judgment of the United States District Court for the Northern District of Florida in favor of Precision Gears, Inc. against Safari Helicopter, Inc. be enforced against Safari Enterprises, LLC; and, (iii) a writ of execution of judgment issue to Safari Helicopter, Inc.'s successor in interest Safari Enterprises, LLC.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(2); Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed to be a waiver of the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140, 154-55 (1985). Any responses to objections to this Report and Recommendation must be filed within 14 days of the filing of the objections. *See* Fed. R. Civ. P. 72(b)(2); Local Rule 72.02(b).

Respectfully submitted

BARBARA D. HOLMES
United States Magistrate Judge

9

Case 3:22-mc-00005   Document 6   Filed 07/08/22   Page 9 of 9 PageID #: 88